## B. B. PATILLO V. THE STATE.

No. 18419.   Delivered October 14, 1936.
Rehearing Denied December 9, 1936.

394

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

Prosecutrix, Ruby Lee Thompson, testified that in March or April, 1935, appellant had an act of sexual intercourse with her. She was 13 years of age at the time. Testifying in his own behalf, appellant denied that he had had any improper relations with prosecutrix. He also introduced witnesses whose testimony raised the issue of alibi.

We deem the evidence sufficient to support the conviction.

Appellant filed an application for a suspended sentence, which was submitted to the jury. In bill of exception No. 2 it is shown that one of the jurors declared in the beginning of his voir dire examination that he might not give fair consideration to a plea for suspended sentence in view of the fact that appellant was a man 60 years of age. Upon further examination said juror testified that he could try the issue of suspended sentence just as fairly as any other issue in the case. He testified further that he had no prejudice against the suspended sentence law. Again, he declared that he would be governed by the evidence and the charge of the court. We are of opinion that there was no abuse of discretion on the part of the trial judge in holding the juror qualified.

In bill of exception 4 it is shown that the district attorney in argument to the jury, used language as follows: "Some people say we have no rape law any more." Appellant objected to the argument. The court sustained the objection and instructed the jury not to consider the argument for any pur-

pose. We think the bill of exception fails to reflect reversible error.

Bill of exception No. 5 shows that the district attorney, in his closing argument to the jury, used language as follows: "When you go out to consider this case look in the face of your own girl and the girls of your community." Appellant's objection to the argument was sustained and the jury instructed not to consider it. Under the circumstances, the opinion is expressed that the bill fails to reflect reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urgently insists that we erred in holding the facts in this case sufficient. Beyond question there was evidence of the fact that this appellant had carnal knowledge of a thirteen year old girl. It is true, no one was present at the time save the two of them. It is also true that while prosecutrix was detained in jail for the purpose of being used as a witness, a woman was confined in jail for vagrancy or some similar charge,—and that this woman testified that prosecutrix told her while they were in jail that appellant did not have intercourse with her. It is also true that appellant's wife and daughter testified that the reputation of the girl for truth and veracity was bad. However, these were matters for the consideration of the jury, and they, in the exercise of the right and power given them by our statute, decided to believe the statement of the State witness, and we do not feel that we have any right to change the uniform holding of this court, and must decline to reverse the case when there is testimony before the jury sufficient to show guilt, if accepted by the jury as true.

We have again considered appellant's bills of exceptions in the light of the argument made by him in his able motion for rehearing, and the many authorities cited in support of the argument of his counsel. We are unable to bring ourselves to believe that in the disposition of the various complaints, made by the accused in this case, in our original opinion, we did not follow the law as laid down in many decisions of this court. In our opinion the facts in none of the cases cited by appel-

lant in the motion are like those in the case before us. We do not think the argument of the State's attorney went beyond the pale of fair discussion sufficient to justify us in holding same to exhibit reversible error; nor do we believe the juror, whose service is complained of in a bill of exceptions, exhibited any prejudice against the defendant or his defenses such as to render him incapable of giving the defendant a fair and impartial trial.

The motion for rehearing will be overruled.

*Overruled.*